UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x     09 Civ. 9207 (CM)(DCF)
ALEXIS WEST, JASMINE WEST,
REGINA WEST, JOHN HYMAN and
STEVE RICHARDSON,

                    Plaintiffs,

                                              AMENDED COMPLAINT

   -against-

                                              JURY DEMAND

THE CITY OF NEW YORK, DETECTIVE
FRANK FELICIANO (Shield # 1016[1]),
SERGEANT CHRISTOBEL BERKEL
(Shield # 4355), DETECTIVE TYRONE
VIRUET (Shield # 5654), DETECTIVE
CLAUDE SUMLIN (Shield # 5629),
UC # 2454, UC # 14233, UC # C0039,
UC # C0090, UC # C0002, UC # C0093,
DETECTIVE CARROLL[2], DETECTIVE
GALLAGHER[3], DETECTIVE
MacDOUGALL[4], DETECTIVE
McBREARTY[5] and POLICE OFFICER
SIERRA[6],



                    Defendants.
------------------------------------------------------------x

Plaintiffs ALEXIS WEST, JASMINE WEST, REGINA WEST, JOHN HYMAN and

STEVE RICHARDSON, by their attorney(s), THE LAW OFFICES OF WALE

MOSAKU, P.C., complaining of the defendants, THE CITY OF NEW YORK,

DETECTIVE FRANK FELICIANO (Shield # 2594) and POLICE OFFICERS JOHN

---

[1] Upon information and well-founded belief, this officer was formerly assigned the Shield # 2594.
[2] To date, the first name and shield number of this officer has not been provided by the defendant City's attorneys.
[3] To date, the first name and shield number of this officer has not been provided by the defendant City's attorneys.
[4] To date, the first name and shield number of this officer has not been provided by the defendant City's attorneys.
[5] To date, the first name and shield number of this officer has not been provided by the defendant City's attorneys.
[6] To date, the first name and shield number of this officer has not been provided by the defendant City's attorneys.

DOE 1-10 (collectively referred to as "defendants"), upon information and belief, allege as follows:

## NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiffs under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiffs by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

## JURISDICTION

2. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiffs by the Fourteenth Amendment to the Constitution of the United States. Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

3. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear State law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiffs' federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiffs' claims under applicable State and City laws.

4. As the deprivation of rights complained of herein occurred within the Southern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## THE PARTIES

5. During all times material to this complaint, the plaintiffs ALEXIS WEST, JASMINE WEST and REGINA WEST were, and still are, residents of the State of New York, presently residing in New York County.

6. During all times material to this complaint, the plaintiffs JOHN HYMAN and STEVE RICHARDSON were, and still are, residents of the State of New York, presently residing in Bronx County.

7. At all relevant times, defendants DETECTIVE FRANK FELICIANO (Shield # 1016), SERGEANT CHRISTOBEL BERKEL (Shield # 4355), DETECTIVE TYRONE VIRUET (Shield # 5654), DETECTIVE CLAUDE SUMLIN (Shield # 5629), UC # 2454, UC # 14233, UC # C0039, UC # C0090, UC # C0002, UC # C0093, , DETECTIVE CARROLL, DETECTIVE GALLAGHER, DETECTIVE MacDOUGALL, DETECTIVE McBREARTY, POLICE OFFICER SIERRA (collectively referred to as "defendant officer(s)"), upon information and belief, were and still are, law enforcement officers in the employ of the Police Department of the City of New York.

8. At all times herein, the defendant officers were employed as law enforcement officers of the City of New York, State of New York, and were acting under the color of their official capacity, and their acts were performed under color of the statutes and ordinances of the City of New York and/or the State of New York. The defendant officers were the servants, agents, and employees of their co-defendant, the City of New York, so that their acts are imputed to the City of New York and its Police Department.

9. At all relevant times, the defendant City of New York was/is a municipal corporation of the State of New York, and was/is the employer of the defendant Officers, through it's Police Department, namely New York City Police Department and the actions of the

defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

10. Plaintiffs sue all defendants in their individual and official capacities.

## SATISFACTION OF THE PROCEDURAL PREREQUISITES FOR SUIT

11. All conditions precedent to the filing of this action have been complied with. On January 30, 2009, within ninety days after all or some of the claims alleged in this complaint arose, written notice(s) of claim, sworn to by a representative of each of the plaintiffs ALEXIS WEST, JASMINE WEST, REGINA WEST, and JOHN HYMAN, were served upon the defendant City of New York, by personal delivery of the notice in duplicate, to the person designated by law as one to whom a summons issued against such party may be delivered in an action in the applicable Courts. Plaintiff Alexis West's claim was assigned the Claim No. 2009PI004274. Plaintiff Jasmine West's claim was assigned the Claim No. 2009PI004273. Plaintiff Regina West's claim was assigned the Claim No. 2009PI004272. Plaintiff John Hyman's claim was assigned the Claim No. 2009PI004275.

12. At least thirty days have elapsed since the service of the above-mentioned notice(s) of claim, and adjustment or payment of the claim(s) have been neglected or refused.

13. This action, pursuant to New York State and City Law, has been commenced within one year and ninety days after the happening of the event upon which the claim(s) are based.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

14. On or about December 11, 2008, between the hours of 10:30 a.m. and 11:30 a.m., the plaintiffs' ALEXIS WEST, JASMINE WEST and REGINA WEST's residence known as 50 East 106th Street, #14H, New York, New York 10029 (hereinafter "subject premises"),

consent.

15.     That immediately before the illegal and unlawful entry and search, the plaintiff Regina West's nephew, namely "Timothy Smart" ("Smart"), had knocked on the door of the subject premises; the plaintiff Regina West, upon recognizing her nephew had opened the door, whereupon Smart had requested to use the restroom; that the plaintiff Regina West permitted Smart to enter into the premises in order to use the restroom; that upon information and belief, whilst Smart was in the subject premises, unbeknownst to the plaintiff Regina West, Smart thereafter left his coat and/or jacket in her bedroom closet; that Smart thereafter left the subject premises; that upon information and well founded belief, at the above-referenced dated and time, Smart was the subject of a police investigation and was under surveillance by the City's police department; that a few minutes after Smart left the subject premises, the defendant officers knocked on the door of the subject premises; that the plaintiff Regina West opened the door of the subject premises; that upon opening the door, the plaintiff Regina West observed the defendant officers; that the defendant officers asked the plaintiff Regina West if she knew a person named "Timothy Smart"; that when the plaintiff Regina West answered in the affirmative, defendant officers, without asking for or obtaining her consent, or showing any search or arrest warrant, immediately pushed past her into the subject premises; that the defendant officers proceeded to illegally search the subject premises; that the defendant officers broke down the bedroom door of the plaintiff Alexis West; That the plaintiffs Alexis West and John Hyman[7] were in the plaintiff Alexis West's room at the time; that the plaintiff John Hyman was taken naked into the hall way of the subject

---

[7] The plaintiff John Hyman was and is the plaintiff Alexis West's boyfriend, and had stayed overnight after visiting from the previous day. The plaintiff Steve Richardson, at the time the plaintiff Regina West's boyfriend, was also visiting and in her room, having stayed overnight from the previous day.

premises building, in full view of the public and passers by; that all of the plaintiffs, with the exception of the plaintiff Regina West, were placed under arrest and taken into a police vehicle; that upon being taken into the police vehicle, they observed Smart within said vehicle; that after being detained in the police vehicle, the defendant officers, by radio, sought to obtain a search warrant of the subject premises; that upon information and belief, at approximately 03:00 p.m., said officers declared that they had obtained a search warrant, and proceeded to conduct another search of the subject premises; that the defendant officers thereafter claimed that they had recovered illegal drugs from the jacket that Smart had left in the plaintiff Regina West's bedroom closet; that upon purportedly discovering said drugs, the plaintiff Regina West was then arrested and taken into the police van that contained the other plaintiffs and Smart; that Smart, in the presence of at least two of the defendant police officers, admitted that the illegal drugs that were found were his, and apologized to the plaintiffs for all the trouble he was causing them; that despite said admission by Smart, the plaintiffs were all arrested and subsequently charged with drug related offenses.

16. That upon arrival at the police precinct to which they were transported, all of the plaintiffs were subjected to intrusive and humiliating strip search(es). Nothing illegal was recovered from any of the plaintiffs.

17. The plaintiffs were each then fingerprinted and photographed.

18. The plaintiffs were subsequently arraigned before a judge in New York County Criminal Court.

19. The plaintiffs Alexis West, Jasmine West, Regina West and John Hyman were released upon their own recognizance.

20. The plaintiff Alexis West was released from jail at approximately 12:00 a.m. on December 13, 2008. The plaintiff Jasmine West was released from jail at approximately 11:00 p.m. on December 12,

2008. The plaintiff Regina West was released from jail at approximately 12:00 a.m. on December 13, 2008. The plaintiff John Hyman was released from jail at approximately 09:00 p.m. on December 12, 2008.

21. However, upon arraignment, bail was set for the plaintiff Steve Richardson in an amount he could not afford to post immediately. As such, he was remanded, and thereafter transported to the Rikers Island Correctional Facility, were he remained until approximately 11:00 a.m. on December 15, 2008, at which time he was released.

22. The criminal action against the plaintiff John Hyman was dismissed on March 25, 2009. The criminal action against the plaintiff Regina West was dismissed on June 29, 2009. The criminal action against the plaintiff Steve Richardson was dismissed on June 29, 2009. The criminal action against the plaintiff Jasmine West was dismissed on July 13, 2009. The criminal action against the plaintiff Alexis West was dismissed on July 21, 2009.

23. Finally, each plaintiff has necessarily been caused out of pocket expenses, including substantial loss of earnings.

FIRST CAUSE OF ACTION: FALSE ARREST AND FALSE IMPRISONMENT
UNDER 42 U.S.C § 1983/NEW YORK STATE LAW

24. By this reference, the plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 23 of this complaint as though fully set forth herein.

25. The above-described respective arrest(s), detention(s), and imprisonment(s) of the plaintiffs were without just or probable cause and without any warrant or legal process directing or authorizing each plaintiff's arrest or subsequent detention.

26. As a result of plaintiffs above-described false arrest(s) and imprisonment(s), they have been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know them, were prevented from attending to their necessary

affairs, have been caused to incur legal expenses, and have been otherwise damaged in their character and reputation.

27. Consequently, the plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

28. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

SECOND CAUSE OF ACTION: MALICIOUS PROSECUTION UNDER 42 U.S.C § 1983/NEW YORK STATE LAW

29. By this reference, each plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 28 of this complaint as though fully set forth herein.

30. The commencement and continued prosecution of the criminal judicial proceeding against each plaintiff, including the arrest, the imprisonment, and the charges against each plaintiff, were committed by or at the insistence of the defendant officers, without probable cause or legal justification, and with malice.

31. That said defendants were directly involved in the initiation of criminal proceedings against each plaintiff.

32. That said defendants lacked probable cause to initiate criminal proceedings against each plaintiff.

33. That said defendants acted with malice in initiating criminal proceedings against each plaintiff.

34. That said defendants were directly involved in the continuation of criminal proceedings against each plaintiff.

35. That said defendants lacked probable cause in continuing criminal proceedings against each plaintiff.

36. That said defendants acted with malice in continuing criminal proceedings against each plaintiff.

37. That said defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding against each plaintiff.

38. That said defendants misrepresented and falsified evidence to the prosecutors in the Kings County District Attorney's office.

39. That said defendants withheld exculpatory evidence from the prosecutors in the Kings County District Attorney's office.

40. That said defendants did not make a complete statement of facts to the prosecutors in the Kings County District Attorney's office.

41. The criminal judicial proceeding initiated against each plaintiff was dismissed, and terminated in each plaintiff's favor.

42. The arrest, imprisonment and prosecution of each plaintiff was/were malicious and unlawful because the plaintiffs had not committed any crime and there was no probable cause to believe that each plaintiff had committed any crimes.

43. The defendants actions were intentional, unwarranted and in violation of the law. The individual defendants had full knowledge that the charges made before the Court against each plaintiff were false and untrue.

44. As a consequence of the malicious prosecution by the defendants, each plaintiff suffered a significant loss of liberty, humiliation, mental anguish, depression, loss of wages from work, and their constitutional rights were violated. Each plaintiff hereby demands compensatory damages and punitive damages, in an amount to be determined at trial, against each of the defendants, individually and severally.

THIRD CAUSE OF ACTION: MALICIOUS ABUSE OF PROCESS
UNDER 42 U.S.C § 1983

45. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 44 of this complaint as though fully set forth herein.

46. The individual defendants issued legal process against each plaintiff, in order to obtain a collateral objective that was outside the legitimate ends of the legal process.

47. Said defendants acted with intent to do harm to each plaintiff, without excuse or justification.

48. As a consequence of said defendants' actions, each plaintiff has suffered loss of liberty, humiliation, mental anguish, depression, loss of wages from work, and their constitutional rights were violated. Each plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against each of the defendants, individually and severally.

FOURTH CAUSE OF ACTION: UNLAWFUL SEARCH UNDER
42 U.S.C § 1983

49. By this reference, each plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 48 of this complaint as though fully set forth herein.

50. That the subject premises was unlawfully entered and searched by the defendant officers, despite the fact that they did not have a search warrant authorizing the search of the subject premises.

51. In addition, following each plaintiff's arrest, the defendants strip-searched and/or caused each plaintiff to be strip-searched, without any individualized reasonable suspicion that any plaintiff was concealing weapons or contraband.

52. As a result of the foregoing, each plaintiff was subjected to an illegal and improper strip search.

53. The foregoing unlawful strip-search(es) violated each plaintiff's constitutional right to privacy, as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

FIFTH CAUSE OF ACTION: MUNICIPAL LIABILITY UNDER 42 U.S.C § 1983

54. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 53 of this complaint as though fully set forth herein.

55. The defendants arrested and incarcerated each plaintiff, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest(s) and incarceration(s) would jeopardize each plaintiff's liberty, well-being, safety and constitutional rights.

56. The acts complained of were carried out by the individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

57. The defendant officers acted under color of law, in their official capacity, and their acts were performed pursuant to the customs, policies, usages, practices, procedures and rules of the City of New York and its police department.

58. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and its police department include, but are not limited to the following unconstitutional practices:

   a. Wrongfully arresting individuals on the pretext that they are/were involved in drug transactions;

   b. manufacturing evidence against individuals allegedly involved in drug transactions;

   c. unlawfully strip-searching pre-arraignment detainees in the absence of any reasonable suspicion that said individuals were concealing weapons or contraband;

   d. and arresting innocent persons in order to meet "productivity" goals (i.e. arrest quotas).

59. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful

conduct, as documented in the numerous civil rights actions filed against the City of New York in the state and federal courts.

60. The existence of the aforesaid unconstitutional customs and policies may also be inferred from the admission by Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that commanders are permitted to set "productivity goals".

61. Furthermore, the existence of the aforesaid unconstitutional customs and policies may also be inferred from the ruling (Docket entry 32) of the Court, in the case(s) of Jose Colon v. City of New York, et al (09-cv-8) and Maximo Colon v. City of New York, et al (09-cv-9), wherein the Court stated, inter alia, that "Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting officers of the New York City Police Department", and that "there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving the illegal conduct of the kind now charged".

62. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York, constituted a deliberate indifference to the safety, well-being and constitutional rights of all defendants, including but not limited to the plaintiff, were the proximate cause of, and moving force behind, the constitutional violations suffered by the plaintiff as alleged herein, and deprived plaintiff of the following rights, privileges and immunities secured to her by the Constitution of the United States:

(a) The right of each plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States.

(b) The right of each plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection

of the laws, secured to him by the Fifth and Fourteenth Amendments to the Constitution of the United States.

(c) The right to be free from unreasonable detention and/or continued detention without probable cause in that each plaintiff was detained and subsequently prosecuted.

63. As a result of the actions of the defendants, each plaintiff was deprived of his rights, privileges, and immunities secured by the United States Constitution, in particular, the Fourth, Fifth, and Fourteenth Amendments, in contravention of 42 USC §1983 and the laws of New York State, without just or legal cause when defendant City, by its employees and/or agents unlawfully arrested and imprisoned each plaintiff thereby depriving each plaintiff of his liberty without due process of law.

64. The defendant officers were the actual agents of the defendant City of New York and were following the customs, practices, ordinances and/or regulations of the City of New York when they violated the plaintiffs constitutional and civil rights, and the City of New York is therefore responsible for their acts, and liable to the plaintiffs for the damages they suffered.

65. The actual principal/agent relationship between defendant City and the defendant officers was created by the fact they were employees of defendant City, and the City had the right to, and it did indeed regulate and control the activities and conduct of the defendant officers.

66. The defendants' actions were vicious, wicked, cold-hearted, intentional, malicious, unwarranted and in violation of the law. The individual defendants had full knowledge that the charges made before the Court against the plaintiffs were false and untrue.

WHEREFORE, plaintiff respectfully prays judgment as follows:

1. For compensatory damages against all defendants in an amount to be proven at trial;

2. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

3. For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

4. For such other and further relief as the court deems proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, each plaintiff demands a trial by jury.

Dated: Brooklyn, New York
April 5, 2010

LAW OFFICES OF WALE MOSAKU, P.C.

By: _____
Wale Mosaku, Esq. (WM 5872)
Attorney for the Plaintiff
25 Bond Street, 3rd Floor
Brooklyn, N.Y. 11201
(718) 243-0994

TO:

Karl Ashanti, Esq.
Assistant Corporation Counsel
City of New York Law Department
Attorney(s) for Defendant(s)
THE CITY OF NEW YORK and DETECTIVE FRANK FELICIANO (Shield # 1016)
100 Church Street
New York, N.Y. 10007
(212) 227-0414

SERGEANT CHRISTOBEL BERKEL (Shield # 4355)
Defendant pro se
2768 Frederick Douglas Boulevard
New York, New York 10039-3026

DETECTIVE TYRONE VIRUET (Shield # 5654)
Defendant pro se
2768 Frederick Douglas Boulevard
New York, New York 10039-3026

DETECTIVE CLAUDE SUMLIN (Shield # 5629)
Defendant pro se
2768 Frederick Douglas Boulevard
New York, New York 10039-3026

UC # 2454
Defendant *pro se*
2768 Frederick Douglas Boulevard
New York, New York 10039-3026

UC # 14233
Defendant *pro se*
2768 Frederick Douglas Boulevard
New York, New York 10039-3026

UC # C0039
Defendant *pro se*
2768 Frederick Douglas Boulevard
New York, New York 10039-3026

UC # C0090
Defendant *pro se*
2768 Frederick Douglas Boulevard
New York, New York 10039-3026

UC # C0002
Defendant *pro se*
2768 Frederick Douglas Boulevard
New York, New York 10039-3026

UC # C0093
Defendant *pro se*
2768 Frederick Douglas Boulevard
New York, New York 10039-3026

DETECTIVE CARROLL
Defendant *pro se*
2768 Frederick Douglas Boulevard
New York, New York 10039-3026

DETECTIVE GALLAGHER
Defendant *pro se*
2768 Frederick Douglas Boulevard
New York, New York 10039-3026

DETECTIVE MacDOUGALL
Defendant *pro se*
2768 Frederick Douglas Boulevard
New York, New York 10039-3026

DETECTIVE McBREARTY
Defendant *pro se*
2768 Frederick Douglas Boulevard
New York, New York 10039-3026

POLICE OFFICER SIERRA
Defendant *pro se*
2768 Frederick Douglas Boulevard
New York, New York 10039-3026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK: 09 Civ. 9207 (CM)(DCF)

---

ALEXIS WEST, JASMINE WEST,
REGINA WEST, JOHN HYMAN and
STEVE RICHARDSON,

Plaintiff(s),

-against-

THE CITY OF NEW YORK, DETECTIVE
FRANK FELICIANO (Shield # 1016),
SERGEANT CHRISTOBEL BERKEL
(Shield # 4355), DETECTIVE TYRONE
VIRUET (Shield # 5654), DETECTIVE
CLAUDE SUMLIN (Shield # 5629),
UC # 2454, UC # 14233, UC # C0039,
UC # C0090, UC # C0002, UC # C0093,
DETECTIVE CARROLL, DETECTIVE
GALLAGHER, DETECTIVE
MacDOUGALL, DETECTIVE
McBREARTY and POLICE OFFICER
SIERRA,

Defendant(s).

---

AMENDED COMPLAINT

---

LAW OFFICES OF WALE MOSAKU, P.C.
Attorney(s) for Plaintiff(s)
25 Bond Street, 3rd Floor
Brooklyn, New York 11201
(718) 243-0994

---

To:

Service of a copy of the within
is hereby admitted.

Dated:................. 200_

Attorney(s) for Defendants